IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

RAMONA MATTHEWS                                                                    PLAINTIFF

V.                                                                     NO. 4:13-CV-0007-DMB-JMV

PETER NWANKWO; and
MISSISSIPPI VALLEY STATE UNIVERSITY                                              DEFENDANTS

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT**

This is a sex discrimination action brought under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq.*, by Plaintiff Ramona Matthews against her former college professor, Peter Nwankwo; and her former educational institution, Mississippi Valley State University ("MVSU"). Plaintiff alleges that Nwankwo sexually harassed her; that she complained to MVSU about the harassment; and that following her complaint, MVSU assigned her to additional classes with Nwankwo and did not timely remove her from his class. Doc. #1; Doc. #18-1. Before the Court is MVSU's motion for summary judgment. Doc. #15.

**I.**
**Motion for Summary Judgment Standard**

"Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law." *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 411 (5th Cir. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 22–23 (1986)). To award summary judgment, "[a] court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Id.* at 411–12 (internal quotation marks

omitted). To this end, "[t]he moving party bears the burden of establishing that there are no genuine issues of material fact." *Id*. at 412.

"If, as here, the nonmoving party bears the burden of proof at trial, the moving party may demonstrate that it is entitled to summary judgment by submitting affidavits or other similar evidence negating the nonmoving party's claim, or by pointing out to the district court the absence of evidence necessary to support the nonmoving party's case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). If the moving party makes the necessary demonstration, "the burden shifts to the nonmoving party to show that summary judgment is inappropriate." *Id.* In making this showing, "the nonmoving party must go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Cotroneo v. Shaw Env't & Infrastructure, Inc.*, 639 F.3d 186, 191–92 (5th Cir. 2011) (internal punctuation omitted). When considering a motion for summary judgment, the Court "resolve[s] factual controversies in favor of the nonmoving party." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). In the same vein, "the court views all inferences drawn from the factual record in the light most favorable to the nonmoving party." *Tiblier v. Diabal*, 743 F.3d 1004, 1007 (5th Cir. 2014).

## II.
## Relevant Facts

In 2006, a student at Defendant MVSU made an allegation of sexual harassment against Defendant Peter Nwankwo, then a professor at MVSU. Doc. #15-1 at ¶ 3. The allegation stemmed from the way the student was "addressed" by Nwankwo. *Id*. Later, the student informed the school that the complaint was a "misunderstanding." *Id*.

At the start of MVSU's spring 2010 semester, Plaintiff Ramona Matthews was a student in one of Nwankwo's classes. Doc. #18-1 at ¶ 2. Sometime in January or February of that year, Nwankwo touched Plaintiff's buttocks and then attempted to kiss Plaintiff. *Id*. at ¶ 10; Doc. #15-1 at ¶ 6. On February 22, 2010, Plaintiff complained to Jerrick L. Hornbeak, MVSU's Assistant Vice President for Student Affairs regarding Nwankwo's conduct. Doc. #15-1 at ¶ 6. Sometime after, Plaintiff filed a complaint with MVSU's police department and with the Sheriff's Department of Leflore County, Mississippi. Doc. #18-1 at ¶ 3.

Plaintiff's complaint was handled internally at MVSU by Elizabeth Hurssey, an Assistant Director at MVSU's Department of Human Resources. Doc. #15-2 at ¶¶ 1, 3. As a part of her investigation, Hurssey conducted interviews with students in Nwankwo's classes. *Id*. at ¶ 6. Hurssey also "obtained information" from Plaintiff and Nwankwo. *Id*. at ¶¶ 4, 7. Sometime before March 11, 2010, Hurssey became aware that two additional students accused Nwankwo of harassment. *Id.* at ¶¶ 4, 5. More specifically, Hurssey's investigation revealed that "some students stated … Nwankwo made inappropriate comments." *Id*. at ¶ 6.[1] Plaintiff alleges that during the investigation she met with two individuals, "Dr. Stevenson and Dr. Shingles," and that Dr. Shingles told Plaintiff "that he knew that there were problems with Dr. Nwankwo."[2] Doc. #18-1 at ¶ 7. During the pendency of the investigation, Defendant prohibited contact between Nwankwo and Plaintiff. Doc. #15-1 at ¶ 5.

At the end of her investigation, Hurssey determined she "could not conclude that … Nwankwo had severely and pervasively harassed [Plaintiff] based on sex." Doc. #15-2 at ¶ 7. However, Hurssey believed that Nwankwo "may have put himself in a compromising position."

---

[1] It is unclear whether the students who alleged inappropriate comments were the same students who earlier accused Nwankwo of harassment.

[2] The first names and positions of Drs. Stevenson and Shingles are not apparent from the record.

*Id*. Based on this conclusion, Hurssey "instructed" Nwankwo on "MVSU policies concerning Student Relationships and the Harassment Policy and Procedure [and] outlined additional steps to be taken by MVSU to educate all employees and students concerning harassment." *Id*.

With approximately three weeks left in the semester, Plaintiff was informed of the results of the investigation and then removed from Nwankwo's class. Doc. #18-1 at ¶ 5. Additionally, MVSU "required that all class assignments of [Plaintiff] be channeled through" Dr. Saliba Mukoro, Chair of the Department of Criminal Justice. Doc. #15-1 at ¶¶ 4–5. The students who expressed concerns regarding Nwankwo, including Plaintiff, were moved into independent study classes under Dr. Mukoro. Doc. #15-1 at ¶ 7. Although Plaintiff was removed from Nwankwo's spring class, she was re-assigned to his classes for MVSU's June and July summer sessions "over [her] objections." Doc. #18-1 at ¶ 5.

On August 12, 2010, Nwankwo was "released from his contract" with MVSU. Doc. #15-1 at ¶ 8. The record contains no information about the reason for Nwankwo's release.

On January 18, 2013, Plaintiff filed a single-count complaint against MVSU and Nwankwo for violation of her rights under Title IX of the Education Amendments Act of 1972. Doc. #1. On September 26, 2013, MVSU filed the instant motion for summary judgment seeking dismissal of the sole count of Plaintiff's complaint. Doc. #15.

**III.**
**Analysis**

Title IX provides, in relevant part, that "[n]o person … shall, on the basis of sex, be … subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). "[T]he Supreme Court has held that Title IX is … enforceable through an implied private right of action [and] that sexual harassment of a student by a teacher constitutes actionable discrimination for the purposes of Title IX." *Doe ex rel. Doe v. Dallas*

*Indep. Sch. Dist.*, 220 F.3d 380, 383 (5th Cir. 2000) (citing *Franklin v. Gwinnett Cnty. Pub. Sch.*, 503 U.S. 60 (1992)).

Where a student asserts a Title IX claim arising from sexual harassment by a teacher, "a damages remedy [against the educational institution] will not lie under Title IX unless an official who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the recipient's behalf has actual knowledge of discrimination in the recipient's programs and fails adequately to respond." *Doe*, 220 F.3d at 383–84 (quoting *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 280 (1998)). In order for liability to attach, "the response must amount to deliberate indifference to discrimination." *Id*. at 384.

To defeat a motion for summary judgment as to a student-teacher harassment claim, a plaintiff must introduce evidence to create a genuine issue of material fact that an individual: (1) had authority to address the alleged harassment and to institute corrective measures on the institution's behalf; (2) had actual notice of the harassment; and (3) acted with deliberate indifference with regard to the harassment. *Id*. MVSU contends that Plaintiff was not sexually harassed within the meaning of Title IX, and that even if she had been harassed, the school did not act with deliberate indifference.

### A. Title IX's Sexual Harassment Standard

Defendants, citing *Estate of Brown v. Ogletree*, No. 11-cv-1491, 2012 WL 591190 (S.D. Tex. May 23, 2012), contend that, as a threshold matter, a Title IX plaintiff must show the alleged harassment was "severe, pervasive, and objectively offensive." Doc. #16 at 6. However, *Estate of Brown* involved a case of a student harassing another student, not, as here, a teacher harassing a student. Where a student alleges sexual harassment of a student by a teacher, courts are split on whether the severe and pervasive standard applies. *Compare, e.g., Sauls v. Pierce*

*Cnty. Sch. Dist.*, 399 F.3d 1279, 1284 (11th Cir. 2005) ("Because this case involves teacher-on-student harassment, Appellants need not establish [the] misconduct was 'so severe, pervasive, and objectively offensive' that it denied Dustin equal access to educational programs or opportunities."), *with Jennings v. Univ. of N.C.*, 482 F.3d 686, 695 (4th Cir. 2007) (requiring severe and pervasive showing where student alleged sexual harassment by her coach), and *Escue v. N. OK Coll.*, 450 F.3d 1146, 1152 (10th Cir. 2006) (same).

The Fifth Circuit does not appear to have ruled on the applicable standard for sexual harassment claims brought under Title IX. However, in *Rowinksy v. Bryan Indep. Sch. Dist.*, a panel wrote that in *Franklin v. Gwinnett County Public Schools*, 503 U.S. 60 (1992):

> the [Supreme Court] acknowledged that an educational institution receiving federal funds intentionally violates Title IX and engages in sex discrimination against which the statute affords protection when it knowingly fails to take reasonable steps within its power to prevent the sexual harassment or abuse of a student by a teacher that is so severe or pervasive that it creates a hostile and harmful school atmosphere for that student. *By citing* Meritor Savings Bank [FSB v. Vinson, 477 U.S. 57 1986)], *in which the Court held that a claim of "hostile environment" sex discrimination is actionable under Title VII, as analogous precedent for its interpretation of Title IX, the Court indicated that standards similar to those applied or adverted to in* Meritor *are appropriate criteria for determining when there has been a violation of Title IX giving rise to a claim of "hostile environment" sex discrimination.*

80 F.3d 1006, 1019–20 (5th Cir. 1996) (emphasis added), *overruled on other grounds sub nom. Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629 (1999).

Although *Rowinsky* concerned harassment of a student by a student, its interpretation of *Franklin*, a teacher-harasser case, remains the Fifth Circuit's most significant pronouncement on the standard to be applied in Title IX cases alleging harassment of a student by a teacher. Following this direction, this Court concludes that sexual harassment by a teacher of a student is actionable only when it is so severe or pervasive that it creates a hostile and harmful school atmosphere for that student. This Court further concludes that Title VII case law provides the

6

proper general framework for evaluating whether the alleged harassment meets the foregoing standard. *See Rowinksy*, 80 F.3d at 1019–20.

To meet the severe/pervasive requirement under Title VII, "courts consider the totality of the circumstances, including (1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is physically threatening or humiliating, or merely an offensive utterance; and (4) whether it interferes with an employee's work performance." *E.E.O.C. v. WC&M Enters., Inc.*, 496 F.3d 393, 400 (5th Cir. 2007). Applying a Title VII-based framework to teacher-student harassment cases, the Fourth Circuit considers "the positions and ages of the harasser and victim, whether the harassment was frequent, severe, humiliating, or physically threatening, and whether it effectively deprived the victim of educational opportunities or benefits." *Jennings*, 482 F.3d at 696. Insofar as the Fourth Circuit's test represents application of the Fifth Circuit's Title VII factors in a student-teacher context, this Court will evaluate Plaintiff's claims under the framework set forth in *Jennings*.

The ages of Nwankwo and Plaintiff are not in the record and thus do not provide a basis to decide the harassment issue. However, Nwankwo's position as Plaintiff's professor weighs strongly in favor of a finding of actionable harassment. *See Moeck v. Pleasant Valley Sch. Dist.*, 983 F.Supp.2d 516, 530 (M.D. Pa. 2013) ("One might argue that sexual harassment from a teacher toward a student is always inappropriate and should be actionable under Title IX under a lesser standard than pervasive and severe.") (internal quotation marks omitted).

As to the nature of the harassment, the record reflects that on a single occasion, Nwankwo grabbed Plaintiff's buttocks and attempted to kiss her. While this was an isolated incident, single severe incidents of misconduct may satisfy the harassment standard. *WC&M*, 496 F.3d at 400 ("Under the totality of the circumstances test, a single incident of harassment, if

sufficiently severe, could give rise to a viable Title VII claim as well as a continuous pattern of much less severe incidents of harassment."). In this regard, "the deliberate and unwanted touching of [a person's] intimate body parts can constitute severe sexual harassment." *Harvill v. Westward Communications, L.L.C.*, 433 F.3d 428, 436 (5th Cir. 2005). Likewise, such conduct is both physically threatening and humiliating. *See Lockard v. Pizza Hut, Inc.*, 162 F.3d 1062, 1072 (10th Cir. 1998) ("Grabbing Ms. Lockard's hair and breast … is physically threatening and humiliating behavior.").

Finally, there can be no doubt that Nwankwo's conduct deprived Plaintiff of educational opportunities. As a result of Nwankwo's actions, Plaintiff's class schedule was disrupted and she suffered "mental anguish and emotional distress" due to Nwankwo's sexual advances. Doc. #18-1 at ¶¶ 5, 10.

For the foregoing reasons, this Court concludes that, under the totality of the circumstances, there is a genuine issue of material fact as to whether Nwankwo's conduct was sufficiently severe to be deemed sexual harassment under Title IX.

### B. Deliberate Indifference

Having found a genuine issue of material fact as to the existence of harassment, the question becomes whether MVSU acted with deliberate indifference to such conduct. *Doe*, 220 F.3d at 383–84. To this end, MVSU contends that its actions – an investigation, the changing of Plaintiff's class assignments, the placement of Plaintiff in an independent study class, and the "instruction" of Nwankwo on relevant policies – preclude a finding of deliberate indifference. Doc. #16 at 8–9. Plaintiff, citing no authority, responds that there is a genuine issue of material fact as to deliberate indifference because her removal from Nwankwo's class occurred with only

8

three weeks left in the semester and that she was placed in Nwankwo's class for the following term. Doc. #18 at 2.

"[T]he deliberate indifference standard is a high one …. Officials may avoid liability under a deliberate indifference standard by responding reasonably to a risk of harm, even if the harm ultimately was not averted …. [D]etermining what constitutes appropriate remedial action for allegations of discrimination in Title IX cases will necessarily depend on the particular facts of the case." *Dallas Indep. Sch. Dist.*, 220 F.3d at 384. "Deliberate indifference may be found both when the defendant's response to known discrimination is clearly unreasonable in light of the known circumstances … and when remedial action only follows after a lengthy and unjustified delay." *Hayut v. State Univ. of New York*, 352 F.3d 733, 751 (2d Cir. 2003) (internal quotation marks omitted).

On February 22, 2010, Plaintiff notified MVSU's Vice President of Nwankwo's conduct. Sometime before March 10, 2010, two additional students alleged harassment against Nwankwo. Approximately three weeks before the end of the semester MVSU removed Plaintiff from Nwankwo's class. Following the completion of an investigation which was found to have failed to establish actionable harassment, but concluded that Nwankwo "put himself in a compromising position," Nwankwo was instructed on relevant sexual harassment policies, and Plaintiff was re-assigned to Nwankwo's class over her objections.

As an initial matter, to the extent Plaintiff challenges the actual investigation of Nwankwo and his subsequent discipline, the Court finds no evidence of deliberate indifference in MVSU's actions. The record reflects that MVSU's investigation involved interviews with numerous relevant persons (including collecting information from Plaintiff and Nwankwo) and that such investigation yielded a conclusion that Nwankwo did not harass Plaintiff within the

meaning of the law. Based on this conclusion, MVSU instructed Nwankwo on relevant sexual harassment guidelines, and allowed him to continue teaching. This is not deliberate indifference. *See Owens v. Dillard University*, No. 01-3432, 2002 WL 1822932, at *3 (E.D. La. Aug. 8, 2002) (no deliberate indifference where, following a complaint of sexual harassment, college interviewed complainant and alleged harassing professor, determined there was no actionable harassment but that professor had engaged in conduct which had "the appearance of impropriety," and then instructed professor on relevant policies).

However, the investigation and Nwankwo's discipline do not comprise the entirety of Defendant's response to Plaintiff's complaint. Rather, the record reflects that, at the conclusion of an investigation which revealed that Nwankwo put himself in a "compromising position" with Plaintiff, Defendant returned Plaintiff to Nwankwo's class over Plaintiff's objections. Upon consideration, the Court concludes that there is a genuine issue of material fact as to whether this decision was clearly unreasonable under the circumstances. *See generally Theriault v. Univ. of S. Maine*, 353 F.Supp.2d 1, 14–15 (D. Me. 2004) (noting that, "[w]ithout more" plaintiff could not show deliberate indifference where she and exonerated alleged harasser registered for the same class and were later separated).

Furthermore, while MVSU's discipline tends not to suggest deliberate indifference, delays in instituting remedial actions may constitute deliberate indifference under Title IX. *Zeno v. Pine Plains Cent. Sch. Dist.*, 702 F.3d 655, 669 n.13 (2d Cir. 2012) (collecting cases). In this regard, an unjustified delay of less than a month in separating a harasser from his victim may be evidence of deliberate indifference. *Doe ex rel. Doe v. Derby Bd. of Educ.*, 451 F.Supp.2d 438, 447 (D. Conn. 2006).

MVSU was aware of Plaintiff's allegations on February 22, 2010, but did not remove Plaintiff from Nwankwo's class until three weeks before the end of the spring semester. It is unclear when three weeks before the end of the semester fell. However, drawing every reasonable inference in favor of the Plaintiff, the Court finds that Plaintiff was removed from Nwankwo's class sometime in April or May of 2010. No justification for this delay (about two to three months) appears in the record. Upon consideration, the Court concludes that MVSU's delay in removing Plaintiff from Nwankwo's class creates a genuine issue of material fact regarding deliberate indifference. *Compare Derby Bd. of Educ.*, 451 F.Supp.2d at 447 (approximately four-week unjustified delay evidence of deliberate indifference), *with Owens*, 2002 WL 1822932, at *3 (delay of less than week in removing victim from class not deliberate indifference).

### IV.
### Conclusion

For the reasons above, the Court concludes that Plaintiff has shown a genuine issue of material fact as to whether MVSU showed deliberate indifference to sexual harassment following Plaintiff's complaint of sexual harassment. Accordingly, MVSU's motion for summary judgment is **DENIED**.

SO ORDERED, this the 29th day of July, 2014.

/s/ **Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**